IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1998 SESSION



FILED

June 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,      )
                         )
            Appellee,    )      No. 03C01-9710-CC-00480
                         )
                         )      Blount County
v.                       )
                         )      Honorable D. Kelly Thomas, Jr., Judge
                         )
REGINALD HANNUM,         )      (Sentencing)
                         )
            Appellant.   )


For the Appellant:                    For the Appellee:

Raymond Mack Garner                   John Knox Walkup
District Public Defender              Attorney General of Tennessee
   and                                       and
Natalee Hurley                        Todd R. Kelley
419 High Street                       Assistant Attorney General of Tennessee
Maryville, TN 37804                   425 Fifth Avenue North
(AT TRIAL)                            Nashville, TN 37243-0493

Julie A. Martin                       Michael L. Flynn
P.O. Box 426                          District Attorney General
Knoxville, TN 37901-0426                     and
(ON APPEAL)                           Philip Morton
                                      Assistant District Attorney General
                                      363 Court Street
                                      Maryville, TN 37804


OPINION FILED:_____


REVERSED AND REMANDED

Joseph M. Tipton
Judge

The defendant, Reginald Hannum, appeals as of right from the Blount County Circuit Court's denying him a community corrections sentence. Upon his pleas of guilt, the defendant was convicted of two counts of knowingly delivering one-half gram or more of cocaine, and he received concurrent nine-year sentences. The trial court held that the nine-year sentences rendered the defendant ineligible for a community corrections sentence. The defendant now contends that he is eligible for such a sentence and requests that we place him in the community corrections program. The state concedes that he is eligible. We remand the case for consideration of a community corrections sentence.

The trial court stated that it believed that a person who receives a sentence over eight years in length -- the maximum allowed for probation consideration -- is not eligible for a community corrections sentence. However, the Community Corrections Act contains no such limitation for persons "who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5 . . . ." T.C.A. § 40-36-106(a)(2). "An accused who meets the minimum criteria set forth in subsection (a) of Tenn. Code Ann. § 40-36-106 is eligible for sentencing pursuant to the Act regardless of the length of the sentence imposed by the trial court." State v. Lanny Crowe, No. 01-C-01-9503-CC-00064, Wayne County, slip op. at 2 (Tenn. Crim. App. July 6, 1995).

As for the defendant's request that we impose a community corrections sentence, we note that the record is insufficient for us to make such a determination. Our de novo review of sentencing requires us to consider the same matters that the trial court must consider pursuant to T.C.A. § 40-35-210. In this respect, the record does

not contain the guilty plea hearing at which relevant facts and circumstances surrounding the offenses may have been disclosed.

In consideration of the foregoing, we remand the case to the trial court for its consideration of a community corrections sentence.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
Curwood Witt, Judge